UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF OHIO

FILED
MAY 27 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Rosel C. Hurley III.,
12800 Shaker Boulevard, STE 230
Cleveland, OH 44120
    Plaintiff,

-vs-

National Basketball Players Association,
National Basketball Association, et al.
    Defendant,

COMPLAINT

1:21 CV 1099

JURY TRIAL DEMAND

JUDGE NUGENT

MAG. JUDGE RUIZ

Plaintiff alleges for their complaint, upon knowledge as to their own acts and status and as to actions occurring in their presence and upon information and belief as to all other matters.

## NATURE OF THIS ACTION

Looking at the actions of the Defendant through the lens of reasonable person standard one would assume its actions were at the behest of a non-union member. Mr. Rosel C. Hurley III brings this action against the defendants the National Basketball Players Association (NBPA), and the National Basketball Association (NBA) and its members under federal laws specifically known as The Sherman Act, 15 U.S.C. §§ 1&2, and The Federal Arbitration Act, 9 U.S.C chapter 1, and alleges as follows:

## **THE PARTIES**

1. Plaintiff Mr. Rosel C. Hurley III an applicant for the on-line remote NBPA Agents exam.

2. Defendant National Basketball Players Association (NBPA) is is a labor organization within the meaning of § 2 of the National Labor Relations Act (NLRA), 29 U.S.C. § 152, and is the exclusive bargaining representative for all professional basketball players employed by each of the NBA member teams, pursuant to § 9 of the NLRA, 29 U.S.C. § 159, existing as a non-profit corporation under the laws of the State of New York with its principal place of business at 1133 Avenue of the Americas, New York, NY 10036. NBPA General Counsel is Mr. Clarence Nesbitt.

3. Defendant National Basketball Association (NBA) Inc., is the unincorporated representative organization for the thirty independently owned and incorporated major league professional basketball teams, with its principal place of business at 645 5th avenue, New York, New York. NBA General Counsel is Mr. Rick Buchanan.

## JURISDICTION AND VENUE

4. Plaintiff Mr. Rosel C. Hurley III brings this action seeking injunctive relief, damages, treble damages, cost of suit, and reasonable attorneys' fees, arising from Defendants' per se violations of the Sherman Antitrust Act, 15 U.S.C. § 1&2 and Federal Arbitration Act codified at 9 U.S.C chapter 1. This Court has subject matter jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1337..

5. Venue in this action is proper pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 22. The exam was administered remotely via on-line and the Plaintiff would have taken his exam in the Court's geographical jurisdiction and each of the Defendants can be found, resides, has an agent, or conduct business in the Northern District of Ohio.

## STATEMENT OF FACTS

6. On August 19, 2020 the plaintiff applied for the certification exam process in order to become a NBA Certified Agent. On the application, which was completed on August 19, 2020, the Plaintiff disclosed his law license was presently under suspension. A law license is not required for certification.

7. Plaintiff was forwarded the NBPA Background Questionnaire on August 26, 2020, by NBPA Director of Security, Mr. Eric Rhodes, in which he completed and returned that same day.

8. The NBPA Director of Security, Mr. Eric Rhodes, informed me on September 4, 2020, that he requested a detailed explanation in regards to a past bankruptcy he had discovered during the background investigation. I immediately provided the explanation that day and returned my explanation to him on that day. NBPA Director of Security, Mr. Eric Rhodes, did not mention the law licensing issue.

9. On December 2, 2020 the Plaintiff was informed by NBPA Legal Operations Manager Ms. Meagan Macchirole, that he was approved to take the on-line exam.

10. On February 10, 2021, the Plaintiff was called by NBPA Personnel that he was being denied the ability to take the exam that was being given on February 12, 2021. The reason for denial told to Plaintiff was because of the law licensing issue that was disclosed on August 19, 2020 and which no explanation was requested on September 4, 2020. I was also told by NBPA Personnel that I would receive an email officially denying me the ability to take the exam, with reasons listed and next steps in the process.

The Federal Arbitration Act ("FAA") governs arbitration agreements. 9 U.S.C. § 1 *et seq.* The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable," except for legal or equitable grounds "for the revocation of any contract." 9 U.S.C. § 2.

13. Any prospective agent whose application for certification is denied may appeal that denial by filing a timely demand for arbitration. Regulations, Section 2D. The arbitration procedure incorporates by reference the Voluntary Labor Arbitration Rules of the American Arbitration Association, and includes the right to be represented by counsel, to cross-examine the Committee's witnesses, to present testimonial and documentary evidence and to receive a transcript. NBPA Regulations, Section 2D, Section 6E & F state the following;

> The arbitrator is empowered to order certification if he determines, based on the evidence, that the Committee did not meet its burden of establishing a basis for denying certification. The arbitrator's decision is final and binding on all parties and is not subject to judicial review. The NBPA's selected arbitrator, George Nicolau, is experienced and highly qualified in handling labor relations in the sports industry. He is currently the chairman of the arbitration panel for the Major League Baseball and the Major League Baseball Players Association and the contract arbitrator for the Major Indoor Soccer League and Major Indoor Soccer League Players Association. The NBPA player representatives of each NBA team approved the Regulations which became effective on March 7, 1986. Regulations, Section 4C.

14. Furthermore the actions of the Defendants would cause a reasonable person to believe that the Defendants were acting in concert with and at the behest of a non-labor member or group, in order to ensure the Plaintiff's exclusion from the marketplace the Defendants completely control. Mr. Nesbit was specifically asked if he has spoken to anyone outside the decision making process about the Plaintiff's, after Plaintiffs approval for the exam, and not affiliated with the defendant's union as a member, he has refused to answer the question.

15. Defendant NBA, a non-union entity, receives a third-party benefit from this relationship via the Collective Bargaining Agreement which states that no team shall accept a contract that was negotiated by an agent not certified by the NBPA. The Collective Bargaining Agreement insulates this benefit by authorizing a $50000 fine to any team that negotiates a contract with a non-certified agent (Article 36, Players Agents, Section 2). Article XXXVI, Players Agents, specifically states the following;

Section 1. The NBA shall not approve any Player Contract between a player and a Team unless such player: (i) is represented in the negotiations with respect to such Player Contract by an agent or representative duly certified by the [NBPA] in accordance with the [NBA's] Agent Regulation Program and authorized to represent him; or (ii) acts on his own behalf in negotiating such Player Contract.

Section 2. The NBA shall impose a fine of $50,000 upon any Team that negotiates a Player Contract with an agent or representative not certified by the [NBPA] in accordance with the [NBPA's] Agent Regulation Program, if at the time of such negotiations, such Team either (a) knows that such agent or representative has not been so certified or (b) fails to make reasonable inquiry of the NBA as to whether such agent or representative has been so certified.

16. The Defendant, NBA, a non-union member, further cements this Third-Party beneficiary arrangement by including an indemnification clause in the Collective Bargaining Agreement. Article XXXVI, Players Agents, specifically states the following;

> The Players Association agrees to indemnify and hold harmless the NBA, its Teams and each of its and their respective past, present and future owners (direct and indirect) acting in their capacity as Team owners, officers, directors, trustees, employees, successors, agents, attorneys, heirs, administrators, executors and assigns, from any and all claims of any kind arising from or relating to (a) the Players Association's Regulations Governing Player Agents, and (b) the provisions of this Article, including, without limitation, any judgments, costs and settlements, provided that the Players Association is immediately notified of such claim in writing (and, in no event later than five (5) days from the receipt thereof), is given the opportunity to assume the defense thereof, and the NBA and/or its Teams (whichever is sued) use their best efforts to defend such claim, and do not admit liability with respect to and do not settle such claim without the prior written consent of the Players Association.

17. The defendants actions show they did not want the Plaintiff under any circumstances to take the NBA Agents Exam considering the high possibility he would pass the exam since he has done so in the past. As such, this conduct constitutes a per se violation of Section 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1,2 without necessity of further proof, or alternately, under a Rule of Reason analysis, conduct subject to treble damages.

## CLAIMS COUNT

18. UNREASONABLE RESTRAINT ON TRADE IN VIOLATION OF SECTION I OF THE SHERMAN ACT, 15 U.S.C. §§ 1,2. Paragraphs 1-113 are fully incorporated herein. 115. Section 1 of the Sherman Act states "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal," 15 U.S.C. § 1, with standing for private actions granted by Section 4 of the Clayton Act, 15 U.S.C. § 15.

19. Plaintiff's business has been injured by Defendants' anticompetitive actions in violation of Section 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1,2 and violation of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

## PRAYER FOR RELIEF

20. Accordingly, Plaintiff requests that the Court :adjudge and decree that the NBPA and the NBA (Defendants) have committed violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1,2.

21. Adjudge and decree that the Defendants have violated the Federal Arbitration Act ("FAA") which governs arbitration agreements. 9 U.S.C. § 1 *et seq* .

22. Award Plaintiff statutory treble damages and costs of this action pursuant to The Sherman Act, which are to be proven at trial.

23. Award Plaintiff attorneys' fees and costs.

24. Award Plaintiff prejudgment interest.

## **DEMAND FOR JURY TRIAL**

25. Pursuant to Federal Rule of Civil Procedure 38(b), the Plaintiff demands a trial by jury of all issues properly triable to a jury in this case. Amount in controversy exceeding $75000.

RESPECTFULLY SUBMITTED,

*[signature]*

Mr. Rosel C. Hurley III
Hurley Law LPA
12800 Shaker Boulevard, STE 230
Cleveland, OH 44120